IN THE UNITED STATES DISTRICT COURT OF THE
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MICHAEL BARKER, *ET AL.*                                                      PLAINTIFFS

VS.                                                          CIVIL ACTION NO.: 2:10cv035-P-V

LARRY D. WILLIAMS, *ET AL.*                                                   DEFENDANTS

**ORDER**

This matter came before the court on the motion of the defendants to strike plaintiffs' accident reconstructionist expert, David E. Roberts (#77). The plaintiffs have not filed a response to the current motion and the time for response has now passed. After considering the motion and record in this case the court finds it to be well-taken.

On November 29, 2009, this court entered an amended case management order setting December 15, 2010 as the deadline for the plaintiffs to designate their experts. On December 15, 2011, the plaintiffs designated David E. Roberts as an expert in the field of accident reconstruction. This designation was one of seventeen witness designations made on the date and contained Mr. Roberts' address and referenced several CDs that would be made available for viewing at plaintiff's attorney's office. Mr. Roberts' designation did not contain an expert report, and to date no report has been submitted.

Uniform Local Rule 26(a)(2) and Rule 26(a)(2) of the Federal Rules of Civil Procedure require a party to make full and complete disclosures of individuals they intend to call as experts at trial no later than the time specified in the case management order. The federal rules provide that "unless otherwise stipulated or ordered, this disclosure must be accompanied by a written report-prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). This report must contain

1

the information outlined in the rule, including, but not limited to a complete statement of all opinions and the basis for those opinions signed by the witness.

Additionally, the Fifth Circuit has enumerated factors to be considered when reviewing a motion to strike an expert designation and noted that when a designation violates the mandates of Rule 26, the court may strike the designation. Those factors are: (1) the respondent's explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure prejudice. *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990).

There has been no explanation for plaintiffs' failure to produce an expert report and no evidence of the importance of the testimony offered. In the instant case, allowing Mr. Roberts to testify when no expert report was ever offered would result in prejudice to the defendants, as discovery is now closed and the deadline to file motions has now passed. Finally, with trial a mere three months away and with the expiration of all case management order deadlines, a continuance of the trial date would be an extreme measure to take.

IT IS, THEREFORE, ORDERED that the defendants' motion to strike is hereby GRANTED.

SO ORDERED, this the 31st day of August 2011.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE