IN THE UNITED STATES DISTRICT COURT OF THE
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MICHAEL BARKER, *ET AL.*                                                   PLAINTIFFS

VS.                                                     CIVIL ACTION NO.: 2:10cv035-P-V

LARRY D. WILLIAMS, *ET AL.*                                                DEFENDANTS

## ORDER

This matter came before the court on the motion of the defendants to strike plaintiffs' non-disclosed experts (#78). The plaintiffs have not filed a response to the current motion and the time for response has now passed. After considering the motion and record in this case the court finds it to be well-taken.

On November 29, 2009, this court entered an amended case management order setting December 15, 2010 as the deadline for the plaintiffs to designate their experts. On August 5, 2011, the plaintiffs' served their Supplemental Responses to Interrogatories, which included a statement that they, "reserve the right to call as an expert witness any expert called by any Plaintiff or Defendant in the Mississippi or South Carolina cases." These responses did not include any expert reports, nor did they include identifying information for these potential experts.

Uniform Local Rule 26(a)(2) and Rule 26(a)(2) of the Federal Rules of Civil Procedure require a party to make full and complete disclosures of individuals they intend to call as experts at trial no later than the time specified in the case management order. The federal rules provide that "unless otherwise stipulated or ordered, this disclosure must be accompanied by a written report-prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). This report must contain

the information outlined in the rule, including, but not limited to a complete statement of all opinions and the basis for those opinions signed by the witness.

Additionally, the Fifth Circuit has enumerated factors to be considered when reviewing a motion to strike an expert designation and noted that when a designation violates the mandates of Rule 26, the court may strike the designation. Those factors are: (1) the respondent's explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure prejudice. Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990).

There has been no explanation for a failure to identify experts not included in the December 15, 2011 designation and plaintiffs have offered no evidence of the importance of any non-disclosed experts. In the instant case, allowing this late designation will result in prejudice to the defendants. The Federal Rules are in place to ensure a streamline and organized trial, to allow testimony of unidentified and unnamed experts eight months after the deadline for designating such witnesses would negate the purpose of the rules.

IT IS, THEREFORE, ORDERED that the defendants' motion to strike is hereby GRANTED. The plaintiffs are instructed that only properly designated experts will be allowed to testify at trial.

SO ORDERED, this the 31st day of August 2011.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE